UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| Morris Speight, | ) |  |
|---|---|---|
|  | ) |  |
| Petitioner, | ) |  |
|  | ) |  |
| v. | ) | Civil Action No. 10-1777 (JDB) |
|  | ) |  |
| Isaac Fulwood, Jr. *et al.*, | ) |  |
|  | ) |  |
| Respondents. | ) |  |

**MEMORANDUM OPINION**

In this action for a writ of *habeas corpus* under 28 U.S.C. § 2241, petitioner, an inmate at the District of Columbia Jail, claims that the United States Parole Commission ("USPC") has unlawfully detained him beyond the expiration date of his sentence.[1] In response, the USPC, which oversees parole determinations of District of Columbia prisoners, claims that petitioner "has failed to account for the forfeiture of the time he spent on parole . . . each time his parole [was] revoked." United States Parole Commission's Opposition to Petitioner's Petition for a Writ of Habeas Corpus [Dkt. # 7] ("Gov't's Opp'n") at 1. Upon consideration of the parties' submissions, and for the following reasons, the Court finds no grounds for issuing the writ and, hence, will deny the petition and dismiss the case.

---

[1] Petitioner "seek[s] a Mandormus [sic] 2241." Pet. at 1. A writ of mandamus authorized by 28 U.S.C. § 1361 is not available when, as here, an adequate remedy is available in habeas. *See LoBue v. Christopher*, 82 F.3d 1081, 1082-84 (D.C. Cir. 1996) (determining that the district court lacked subject matter jurisdiction over a declaratory judgment action where the remedy of *habeas corpus* was available in the location of the plaintiffs' custodian); *Williams v. Hill*, 74 F.3d 1339, 1340 (D.C. Cir. 1996) (stating that "it is well-settled that a [person] seeking relief from his conviction or sentence may not bring [actions for injunctive and declaratory relief]") (citations omitted).

# I. BACKGROUND

The relevant facts are as follows. On April 2, 1991, the Superior Court of the District of Columbia sentenced petitioner to an aggregate prison sentence of 15 years and 6 months in case numbers F 12799-90 and F 10451-90 following his convictions for burglary, unauthorized use of a vehicle, and destruction of property. Pet. at 2; Gov't's Opp'n, Ex. A at 1.[2] On September 9, 1994, the United States District Court for the Eastern District of Virginia sentenced petitioner to a prison sentence of 27 months for escape, which was reduced to 1 year, 3 months and 30 days. Ex. A at 10. On September 20, 1996, the then-District of Columbia Board of Parole ("Parole Board") released petitioner to parole on the foregoing D.C. sentence, but, in the absence of further action by the Parole Board, he was to "remain under supervision within the limits of the US Marshal Services Detainer until September 23, 2006." Ex. B (Certificate of Parole). On June 4, 1997, petitioner began serving the sentence imposed by the Eastern District of Virginia; he was released to parole supervision for the D.C. sentence on November 20, 1997. Ex. A. at 10-11. On June 2, 1999, the Parole Board revoked petitioner's parole for criminal violations but "grant[ed] reparole to detainer issued by Virginia." Ex. C.

On June 14, 1999, the Parole Board released petitioner to parole, but again he remained under the U.S. Marshal's supervision pursuant to a detainer until March 3, 2009, "unless or until other action is taken by the [Parole Board]." Ex. D. It appears, however, that petitioner was released to the community. *See* Ex. A at 11 (noting that "Court Order dated 10-17-1997 received on 11-20-1997 states that the sentence of 27 months previously imposed is reduced to a term of

---

[2] Unless indicated otherwise, the cited exhibits are attached to the government's opposition.

time served.). On July 29, 2002, the Superior Court sentenced petitioner, following his conviction for the unauthorized use of a vehicle committed on March 13, 2002 (F 1643-02), to three years' imprisonment and three years' supervised release. *Id*. at 5-6. On November 19, 2004, petitioner was released to serve the supervised release portion of that sentence, *id*. at 6, which he began serving on December 14, 2004. Ex. E. When, on February 16, 2005, petitioner failed to report to his supervising officer, the USPC issued a violator warrant based on the failure to follow the release terms for F 1643-02. *Id*. Following a revocation hearing, however, the USPC reinstated petitioner to supervised release. Ex. F.

On September 2, 2005, the USPC issued a violator warrant based on petitioner's alleged failure to follow the terms of his parole for F 12799-90 and F 10451-90 and based on violations of the law. Exs. G, G-1. The warrant was executed by petitioner's arrest on February 25, 2007. Ex. A at 3. The USPC revoked petitioner's parole on July 31, 2007, pursuant to an expedited revocation agreement, revoked the time he had spent on parole ("street-time credit"), and set a new parole date after his service of 28 months, on January 13, 2008. Ex. H. Following petitioner's release to parole supervision on January 13, 2008, the foregoing scenario was repeated on June 23, 2008 (warrant issued) and November 11, 2009 (parole revoked) and May 28, 2010 (warrant issued). Petitioner was awaiting a revocation hearing when he filed this action on October 21, 2010, from the District of Columbia Jail.

## II. DISCUSSION

Petitioner maintains that he is entitled to habeas relief because the D.C. sentence imposed in F 12799-90 and F 10451-90 expired in 2004, Mot. to Dismiss for Failure to Preserve Evidence and Memorandum of False Exibits [sic] that was a Contradition [sic] to Their Motion Explaining

3

Why Im [sic] Being Detained Past My Release Date of 2004 [Dkt. # 11] at 2, but the record establishes that he has yet to complete service of that sentence. When petitioner was first released to parole on the foregoing sentence in September 1996, his parole certificate stated that he was to "remain under supervision within the limits of the US Marshal Services Detainer until September 23, 2006, unless or until other action is taken by the District of Columbia Board of Parole." Ex. B. It was noted on the certificate that "[i]f subject is released prior to 09-23-2006[,] he . . . is to report to Parole Supervision . . ." in the District of Columbia. *Id*. Petitioner's parole was revoked on June 2, 1999, with approximately seven years remaining to be served on the foregoing sentence. Furthermore, when petitioner was released to parole on June 14, 1999, he again was to remain under the United States Marshal's supervision subject to a federal detainer, "unless or until action is taken by [the Parole Board]." Ex. D. His expiration date for the D.C. sentence was extended to March 3, 2009. *Id*. Again, the parole certificate noted that "[i]f subject is released prior to: 03-03-2009, he . . . is to report to Parole Supervision" in the District of Columbia.

Upon his release to parole supervision, petitioner acknowledged by his signature on the parole certificates that he remained under the District's supervision and agreed to the parole terms. *See* Ex. D at 2. Because the D.C. sentence had not expired prior to the issuance of the violator warrant in September 2005, the USPC maintained jurisdiction over petitioner "to retake [him] . . . and to reach a final decision as to the revocation of parole and the forfeiture of [street-time credit]." *Bethea v. U.S. Parole Comm'n*, ___ F. Supp. 2d ___, 2010 WL 4440034, at * 3 (D.D.C., Nov. 5, 2010) (quoting 28 C.F.R. § 2.98(e)); *see id*. (issuance of a parole violator

warrant prior to expiration of petitioner's aggregate sentence effectively tolls the running of the sentence).[3]

Prior to May 2009, District of Columbia law specifically provided that "[i]f the order of parole shall be revoked . . . , [t]he time a prisoner was on parole shall not be taken into account to diminish the time for which he was sentenced." D.C. Code § 24-406(a). Through a series of cases starting with *Noble v. United States Parole Comm'n*, 82 F.3d 1108, 1109-10 (D.C. Cir. 1996), such claims seeking the restoration of forfeited street-time credit were finally resolved against District of Columbia prisoners. *See United States Parole Comm'n v. Noble*, 693 A.2d 1084, 1094-1104 (D.C. 1997), *reinstated* 711 A.2d 85 (D.C. 1998) (en banc) (interpreting § 24-206(a), now § 24-406(a), as requiring forfeiture of street-time credit on certification of question from the District of Columbia Circuit); *McKee v. United States Parole Comm'n*, 214 Fed. Appx. 1, 2 (D.C. Cir. 2006) ("*Noble* provided an authoritative statement of the meaning of D.C. Code § 24-206(a) (1981) that was consistent with the statutory language."). Effective May 20, 2009, § 24-406 was amended to require the USPC's forfeiture of street-time credit only "[i]f a parolee is convicted of a crime committed during a period of parole." D.C. Code § 24-406(c)(2) (2009). The amendment does "not apply to any period of parole that was revoked prior to May [20], 2009." D.C. Code § 24-406(d). Hence, the USPC correctly argues that under District of Columbia law, it "correctly forfeited all of [petitioner's street-time credit] and

---

[3] To the extent that petitioner suggests that the time he served in Virginia or for No. F 1643-02 should be credited to Nos. F 12799-90 and F 10451-90, he is mistaken. *See Bethea,* 2010 WL 4440034, at *2, n.4 ("None of [] eight-month term of imprisonment could be credited towards service of any other sentence.") (citing cases).

5

properly extended the petitioner's full-time sentence date when [his] parole was revoked on June 2, 1999 and February 25, 2007 in F 12799-90 and F10451-90." Gov't's Opp'n at 7.

For the reasons stated above, the Court, finding no grounds for habeas relief, will deny the instant petition and dismiss the case. A separate Order accompanies this Memorandum Opinion.

_____/s/_____
JOHN D. BATES
United States District Judge

DATE: April 25, 2011